the name of the said claimants for their security as drawers of the said bills which have been since duly paid at maturity, and that the same were for an advance of their credit by which the said cargo was in part purchased and paid for at Rio de Janeiro, and that the claimants are British subjects, who have not been resident in the United States otherwise than for commercial purposes, and that the only one of the claimants who was a resident of Louisiana had left that State and ceased to reside in it before the purchase or shipment of the said cargo, the foregoing facts being stated and admitted by the proctors and advocates as well of the United States as of the claimants, and found by the Court upon the proofs and admissions to be true. It is considered adjudged and decreed that the said claimants are entitled to and should receive reimbursement of their said advances out of the proceeds of the said cargo. And it appearing that the amount thereof with interest from the respective maturities of the said bills of exchange at the rate of 5 per cent. per annum is £5,874 16s. 3½d. sterling money aforesaid worth this day at the current rate of exchange between this port and Liverpool $29,296.26. It is decreed, ordered and adjudged that the said claimants do receive the said sum of $29,296.26, to be paid to them out of the said moneys in the registry of the court.

---

DISTRICT COURT.                          JANUARY 10, 1862.
                    ADMIRALTY.

## THE JAMES LAMON.

1. An advance of money to a crew in lieu of wages entitles the lender to substitution against the vessel, but not to reimbursement, unless the mariners perform their duty and the vessel earns her freight.

2. A claim for expenses in bringing in the crew may stand on a different footing.

LIBEL for expenses incurred and for wages by way of advance and substitution.

## CADWALADER, J.

The claim for a reimbursement of the alleged advance of wages appears to stand upon a different footing from the claim for expenses in bringing the crew from New York.

There is no specific or particular maritime necessity suggested in the libel except that mariners could not be hired in Philadelphia.

The Court will judicially take notice of the liability of this port at the present season to be closed by ice in the river, which liability therefore will be considered as if it had been averred.

As to the advance to the crew I incline to think it at best a loan of money entitling the lender to be substituted as against the vessel, for the mariners who have received it, and entitling him to reimbursement, as against her, only if they should perform their duty and the vessel should earn her freight for the voyage. If, as has been stated, they have already left the vessel, I think her exempted from liability for the demand. But counsel, who have had full time for consideration, and who may have investigated the matter more profoundly, appear to think differently; they press the claim with great earnestness.

If I could see any reasonable doubt upon the question, I, therefore, ought not to reject the claim absolutely by refusing, in this preliminary stage of the case to allow the libel; nevertheless, I would have great difficulty in allowing it, if it contained no other claim.

But the claim for expenses in bringing on the crew, stands, perhaps, on a different footing. If the vessel was without funds in the hands of the consignee or husband in this port, this charge would perhaps be a lien upon her. At all events I would not, in the present stage of the case, disallow the claim. The libel does not sufficiently aver that there were no funds to the credit of the vessel at this place, or otherwise at the command of the master. But, if they are at his command, there can be no difficulty in giving security; and as

the libel might be amended, I will not, on account of the omission, refuse to allow the process to issue, as the vessel may otherwise leave the port.

I allow the libel with great hesitation and reluctance, and with a statement that if it should ultimately be dismissed the libellant will probably be condemned in costs.